LARKINS *v.* BOYD *et al.*

No. 16505. FEBRUARY 16, 1949. REHEARING DENIED MARCH 16, 1949.

*Jesse J. Gainey,* for plaintiff in error.

*Titus & Altman,* contra.

HEAD, Justice.  ■  Counsel for the plaintiff in error (defendant in the court below, and hereinafter called the defendant) con-

tends in his brief that an action to cancel a deed must be brought within seven years, that more than seven years elapsed between the date of the execution of the deed and the filing of the petition, and that the action is therefore barred.

If the sole question is one as to the length of time which has elapsed between the accrual of the right and the institution of the action, the question as to whether or not the action is barred would be one of law; but where there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and is a proper question for determination by the jury under instructions from the court. See *Hickson* v. *Bryan,* 75 *Ga.* 392; *Morris* v. *Johnstone,* 172 *Ga.* 598, 605 (158 S. E. 308).

The relation alleged to exist between the petitioners and the defendant is that of principal and agent. This relation arises when one person authorizes another to act for him, or subsequently ratifies the acts of another in his behalf. Code, § 4-101. Existence of an agency may be established by proof of circumstances, apparent relations, and conduct of the parties. *Cable Company* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108). The petition in this case alleges sufficient facts, if proved to the satisfaction of a jury, to establish the relation of principal and agent between the parties.

The relationship of principal and agent is a confidential one, and may arise where one party is so situated as to exercise a controlling influence over the rights or interest of another, or it may arise upon a relation of mutual confidence, and in every instance the law requires that there be the utmost good faith between the principal and the agent. Code, § 37-707. Good faith by the agent in this case would have required a full communication of the facts relating to the sale of the property of the petitioners for taxes, and concealment of such facts per se amounted to actual fraud. *Poullain* v. *Poullain,* 76 *Ga.* 420, 421.

In *Kirkley* v. *Sharp,* 98 *Ga.* 484, 489 (25 S. E. 562), this court quoted with approval from Vigus *v.* O'Bannon, 118 Ill. 334, as follows: "The rule that, in cases of fraud, the statute of limitations begins to run only from the time of the discovery of the fraud, will not apply where the party affected by the fraud might, with ordinary diligence, have discovered it. But the fail-

ure to use such diligence may be excused where there exists some relation of trust and confidence, as principal and agent, . . between the party committing the fraud and the party who is affected by it, rendering it the duty of the former to disclose to the latter the true state of the transaction, and where it appears that it was through confidence in the acts of the party who committed the fraud that the other was prevented from discovering it."

It has been held by this court that the relation of principal and agent is a fiduciary one, and that the agent may not make a profit for himself out of the relationship, or out of knowledge obtained from the relationship, to the injury of the principal. See Code, § 4-205; *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 262 (52 S. E. 898); *Stover* v. *Atlantic Ice & Coal Corp.*, 154 *Ga.* 228 (113 S. E. 802). Under the allegations of the petition in the present case, the agent proposes to procure the property of the principals for her own benefit by reason of her neglect of her duties, on the one hand, and by her concealment of essential information from the principals, on the other. By reason of the relationship of principal and agent, the principals in this case had the right to expect a full revelation of all pertinent facts which might jeopardize their rights in the property entrusted to the agent; and the failure to reveal such facts by the agent amounted to such acts of fraud as would extend the right of the petitioners to sue and recover their property at any time within a period of seven years after the discovery of the fraud. *Morris* v. *Johnstone,* supra; *Jones* v. *Johnson,* 203 *Ga.* 283 (46 S. E. 2d, 484).

The above ruling disposes of the contention of the defendant that the action is one upon open account, which would be barred after a period of four years.

The defendant contends that the action of the petitioners is barred by laches. Code, § 37-119. There is nothing in the petition by which any neglect on the part of the petitioners, after their discovery of the fraud of their agent, could even be inferred, nor is there anything to show how or wherein the ascertainment of the truth is made more difficult by any delay of the petitioners in the filing of their action.

All actions respecting the title to land shall be brought in the

county where the land lies. Constitution, art. 6, sec. 14, par. 2 (Code, Ann., § 2-4902). In this instance the land is alleged to be located in Thomas County. All records pertaining to the matters of taxation and sale of the lands are presumed to be in Thomas County, and it is not shown that any party or essential witness is dead, or incapacitated from testifying from any cause. The contention that the action is barred by laches is without merit.

■ It is contended that the alleged contract is unenforceable because it violates the statute of frauds. Whether this contention be based on the requirement that a contract for the sale of lands, or any interest in, or concerning them, must be in writing, or upon the prohibition against oral agreements not to be performed within one year from the making thereof, it is without merit. The petitioners complied with their part of the agreement and delivered possession of the property to the agent. The agent accepted possession and the duties imposed upon her as agent, and for a period of time, under the allegations of the petition, performed the duties imposed upon her by the agreement establishing the relation of principal and agent. Thereafter the agent deviated from the original contract, neglected to perform her duties as agent, and fraudulently concealed material information from the principal. Whether or not the contract as originally made was within the statute of frauds (Code, § 20-401), it now clearly falls within the exceptions to the provisions of such statute, as set forth in divisions 2 and 3 of the Code, § 20-402.

■ It is contended that the contract or agreement between the parties was without consideration and therefore void. Independently of any allegation in the petition that the agent was to receive a reasonable compensation for the services rendered, the law will presume that, where one performs services valuable to another, a reasonable compensation is contemplated, and shall be paid. Code, § 3-107. Cases cited in the briefs of counsel for the defendant, to the effect that specific performance of a contract for the sale of lands will not be decreed where any of the provisions of the contract are indefinite or uncertain, or the consideration is inadequate, are not in point.

■ The foregoing disposes of the questions raised by the de-

murrer and argued in the brief of counsel for the defendant. It is stated in the brief that all grounds of the demurrer "were insisted upon . . in the trial court, and all of them are now urged and insisted upon in this court." Grounds of demurrer not argued by counsel have been examined and are without merit. *Judgment affirmed. All the Justices concur.*