## Brown *v.* Brown *et al.*

Hawkins, Justice. 1. Where an unmarried man who left no children surviving him died intestate, leaving his mother and six brothers and sisters as his only heirs at law, the mother and the brothers and sisters each inherited an undivided one-seventh interest in the realty owned by the intestate at the time of his death, and they became tenants in common as to such realty. Code, § 113-903; *Harris* v. *Mandeville,* 195 *Ga.* 251 (24 S. E. 2d, 23). See also *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (131 S. E. 75).

2. Where, following the death of such a person, his heirs at law enter into an agreement whereby one of the brothers, who is the defendant, and who was a partner in business with the deceased, is to take charge of and manage the business and properties of the deceased for a period of seven years, in order to discharge any outstanding indebtedness against the estate, and protect the estate for the benefit of himself and remaining heirs, who are the plaintiffs, such brother is not only a tenant in common with his mother and other brothers and sisters as to the realty belonging to the intestate at the time of his death, but is agent of the others for the purposes of the agreement; and, because of the relationship of principal and agent existing between the plaintiffs and the defendant, the plaintiffs had a right to expect a full revelation of

all pertinent facts which might jeopardize their rights in the property entrusted to the defendant, and the failure to reveal such facts by the defendant amounted to such fraud as would extend the right of the plaintiffs to bring an action to recover their property at any time within the period of limitations after the discovery of the fraud. *Larkins* v. *Boyd,* 205 *Ga.* 69 (52 S. E. 2d, 307).

3. Where the estate of the decedent consisted in part of land, and one of the heirs at law of the decedent is in possession thereof under an agreement with his cotenants to act as their agent, and he procures another person to administer on the estate for the purpose of divesting the title of the other heirs at law and obtaining it himself, and thus obtains the title, and conceals his acts and doings with respect thereto from his cotenants and principals, a court of equity would decree such title to be void, and the defendant to hold as trustee for those entitled to it. See, in this connection, *Cowart* v. *Young,* 74 *Ga.* 694.

4. "The relation of principal and agent is a fiduciary one and the latter can not make advantage and profit for himself out of the relationship, or out of knowledge thus obtained, to the injury of his principal; and the agency being established, the agent will be held to be a trustee as to any profits, advantages, rights, or privileges under any contract made and obtained within the scope and by reason of such agency; and where the agent invests such profits in property or places the same to his credit in a bank, he will be held to hold the same as trustee for the principal, and the latter can maintain in a court of equity an action to trace such profits into such investments, and to enjoin the agent . . from selling, disposing of, or encumbering any such profits or any property in which the same have been invested." *Stover* v. *Atlantic Ice & Coal Corp.,* 154 *Ga.* 228 (113 S. E. 802).

5. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (2) (168 S. E. 262); *Murray County* v. *Pickering,* 196 *Ga.* 208 (26 S. E. 2d, 287); *Hadaway* v. *Hadaway,* 192 *Ga.* 265 (14 S. E. 2d, 874). The allegations of the petition were sufficient to allege a constructive trust.

6. "The rule that, in cases of fraud, the statute of limitations begins to run only from the time of the discovery of the fraud, will not apply where the party affected by the fraud might, with ordinary diligence, have discovered it. But the failure to use such diligence may be excused where there exists some relation of trust and confidence, as principal and agent, client and attorney, *cestui que trust* and trustee, between the party committing the fraud and the party who is affected by it, rendering it the duty of the former to disclose to the latter the true state of the transaction, and where it appears that it was through confidence in the acts of the party who committed the fraud that the other was prevented from discovering it." *Kirkley* v. *Sharp,* 98 *Ga.* 484, 489 (25 S. E. 562). Where a person sustains towards others a relation of trust and confidence, his silence when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. *Morris* v. *Johnstone,* 172 *Ga.* 598 (3) (158 S. E. 308).

7. If the sole question is one as to the length of time which has elapsed between the accrual of the right and the institution of the action, the question as to whether the action is barred would be one of law; but where, as in this case, there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and is a proper question for determination by a jury under proper instructions from the court. *Hickson* v. *Bryan,* 75 *Ga.* 392; *Morris* v. *Johnstone,* 172 *Ga.* 598, 605 (158 S. E. 308); *Larkins* v. *Boyd,* 205 *Ga.* 69 (52 S. E. 2d, 307).

8. "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in either of which events the cotenant may sue at law for his possession. . . [Code, § 85-1005]. If one tenant in common receives more than his share, he is liable to account to his cotenant for such surplus, and the statute of limitations does not commence to run in his favor, so as to bar an action of accounting by his cotenant, until the tenant begins to hold such surplus adversely to his cotenant and knowledge of that fact comes to the latter." *George* v. *Bullard,* 178 *Ga.* 589 (2) (173 S. E. 920).

9. Under the allegations of the petition in this case, the statute of limitations did not begin to run until the plaintiffs had actual notice that the defendant had sought to acquire title to the realty of the decedent at an alleged fraudulent administrator's sale, and was claiming it adversely to them, which they alleged they discovered only six months prior to the bringing of the petition, and that their failure to discover it sooner was due to the trust and confidence reposed in the defendant as their cotenant and agent, and his failure to disclose to them his and the administrator's acts and doings relative to the purported sale of the property. The plaintiffs' cause of action was not barred by the statute of limitations. Code, § 3-807.

10. "There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. . . Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Equitable Building & Loan Assn.* v. *Brady,* 171 *Ga.* 576, 585 (156 S. E. 222); *Hadaway* v. *Hadaway,* 192 *Ga.* 265, 269 (14 S. E. 2d, 874). "The equity of a party who has been misled is superior to that of him who wilfully misleads him." Code, § 37-109. There is nothing in the petition to show any delay on the part of the plaintiffs in bringing their action, after the discovery of the fraud of the defendant, which would render the ascertainment of the truth more difficult; and the ground of the demurrer that the plaintiffs are barred by laches is without merit. *Larkins* v. *Boyd,* 205 *Ga.* 69 (2) (52 S. E. 2d, 307); *Bowers* v. *Dolen,* 187 *Ga.* 653 (3) (1 S. E. 2d, 734).

11. Applying the foregoing principles to the petition in the instant case, it stated a cause of action and is not barred by either the statute of limitations or by laches.

12. Other grounds of demurrer, not specifically dealt with, are without merit.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18103. Submitted January 14, 1953—Decided February 24, 1953.

*Dudley B. Magruder Jr.* and *Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Maddox & Maddox* and *Gary Hamilton,* contra.