23347. LANIER, Administrator, et al. v. DYER et al.

SUBMITTED FEBRUARY 14, 1966—DECIDED APRIL 7, 1966.

*John R. Calhoun,* for appellants.

*W. Lance Smith, Sullivan, Herndon & Smith,* for appellees.

ALMAND, Justice. The petition of John H. Lanier, individually and as administrator cum testamento annexo of the estate of Julia A. Lanier against William J. Dyer and Annie Mae Dyer alleged in substance the following: that Julia A. Lanier, the mother of petitioner, died leaving a will naming petitioner as the sole beneficiary of her estate which consisted of a described tract of land in the City of Savannah; that his mother was in possession of the land at the time of her death, and since her death, possession has been in petitioner; that upon petitioner filing his mother's will for probate, the defendant Annie Mae Dyer, petitioner's sister, filed a caveat to the will; that the will was probated in the court of ordinary and petitioner was appointed administrator C.T.A. of his mother's estate; that his sister has filed an appeal to the Superior Court of Chatham County where it was there pending; that at the time of his mother's death there was an outstanding deed conveying the described tract to the Southern Savings & Loan Company to secure an indebtedness of approximately $1,600. After the death of his mother, petitioner continued to make payments on the loan out of his personal funds until his sister filed her caveat to the will. Petitioner proposed to the loan company that he would pay the balance of the loan if it would transfer the security deed to him, which it refused to do. In June, 1964, the attorney for the loan company, who was also the attorney for Annie Mae Dyer, advertised the property for sale under the power given in the security deed. One Lance Smith became the purchaser at the

sale, and a deed was executed to him, the consideration being the sum of $1,484.60, "the exact amount owing" to the loan company. On February 5th, 1964, Smith, by deed, conveyed the property to Southern Savings & Loan Company, which on the same day, conveyed by deed said property to the defendants Annie Mae Dyer and her husband William J. Dyer. On February 7th, 1964, the Dyers executed to the loan company their deed to this property to secure an indebtedness of $1,600. On April 10th, 1964, the defendants filed a dispossessory warrant in the Municipal Court of Savannah to remove petitioner from possession of the property.

Paragraphs 13 and 14 of the petition alleged the following: "that the said defendants conspired with each other to take the property of your petitioner and to get in possession of the said property by willingly and knowingly having the same foreclosed through their attorney knowing that the said deed to secure debt was outstanding on same; and purchased the aforesaid property through this method while at the same time contesting the said will and claiming an interest in said estate and declaring themselves to be tenants in common with your petitioner. That there were no other funds in the estate of the said Julia A. Lanier from which to pay her debts and to pay the administration of said estate, and petitioner will hereinafter pray that this honorable court decree that the said defendants are holding said property as trustees for the estate of Julia A. Lanier, and that your petitioner, who has been in possession of said property since the death of the said Julia A. Lanier and is also in possession as administrator of her estate, be entitled to same until the issues of said will are determined and until he can pay the debts of the estate and dispose of the said property according to the terms of said will or seek an order from the court of ordinary to sell said property to pay the debts and expenses of said estate."

The prayers of the petition were (a) to enjoin the dispossessory warrant proceedings; (b) to cancel deeds; (c) to restrain the defendants from interfering with his possession of the estate as administrator C.T.A., and (d) for a decree that said property "be held in trust by the defendants for the estate of Julia A. Lanier and that your petitioner be entitled to the possession of

the real estate as administrator until the settlement of said estate."

The general demurrers of the defendants were sustained, and the case dismissed. Error is assigned on this order.

Though the petition as against the demurrers fails to set forth a cause of action for a cancellation of the several deeds between Southern Savings & Loan Company, Lance Smith and the defendants, the loan company and Smith being absent as parties and being essential parties for cancellation of those deeds (*Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524)), the petition does set forth a cause of action for injunctive and other equitable relief.

It appears from the petition that at the time of its filing, the will of Julia A. Lanier had not been finally probated due to the caveat interposed by Annie Mae Dyer, her daughter. On the death of their mother, Annie Mae Dyer and the plaintiff became tenants in common of the property which is the subject matter of this suit. *Brown v. Brown*, 209 Ga. 620 (1) (75 SE2d 13). The plaintiff by virtue of his appointment as administrator C.T.A. was entitled to possession of the property. *Code* § 113-907. "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." *Code* § 108-107. In *Hardin v. Council*, 200 Ga. 822 (38 SE2d 549), it was held "that tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests." Id., p. 830. It was held in *Brown v. Brown*, 209 Ga. 620 (3), supra, that "where the estate of the decedent consisted in part of

land, and one of the heirs at law of the decedent is in possession thereof under an agreement with his cotenants to act as their agent, and he procures another person to administer on the estate for the purpose of divesting the title of the other heirs at law and obtaining it himself, and thus obtains the title, and conceals his acts and doings with respect thereto from his cotenants and principals, a court of equity would decree such title to be void, and the defendant to hold as trustee for those entitled to it." The allegations in the petition were sufficient to charge the creation of a constructive trust.

The court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*