ARGUED SEPTEMBER 13, 1967—DECIDED OCTOBER 20, 1967.

24300. WALDROP et al. v. BETTIS et al.

716

Duncan & Gary, Vernon W. Duncan, for appellants.

Henritze, Baker & Bailey, Kirby G. Bailey, for appellees.

Mobley, Justice. Ada Lee Bettis, Bonnie Ethel Neal, Ruby Bessie Thigpen, Ida Belle Hite, and Lois Grace Horton brought a petition against Laura A. Reynolds and others for the removal of clouds on the title of the petitioners to described property, and for a division by sale of the described property between the petitioners and Joseph Thomas Waldrop, Birk Norris Waldrop, Elie Fred Waldrop, George Clifford Waldrop, and William Ellis Waldrop, alleged to be tenants in common with the petitioners in the property described. Two additional counts were added, and demurrers were sustained to all three counts, with leave to amend as to Counts 2 and 3 only. The petition was again amended, and renewed demurrers were sustained to Count 2 with leave to amend. Counts 2 and 3 were repleaded, and renewed demurrers to both counts were overruled. The only defendants named in the repleaded counts are Joseph T. Waldrop, Birk N. Waldrop, and George C. Waldrop, and these defendants have appealed from the judgment overruling their general demurrers to Counts 2 and 3 of the petition.

The defendants demurred to Counts 2 and 3 on the ground that the petitioners are attempting to plead separate and independent causes of action in these counts from that in their original petition, which has been dismissed on general demurrer with no appeal therefrom, and that they made an election as to the cause of action on which they would rely when they filed their original petition.

In the original petition it was alleged that the petitioners and the defendants are heirs at law of George W. Waldrop, and tenants in common of described land. Numerous defendants were named, and the petition sought to cancel of record certain clouds on the title of the tenants in common. By amendment this petition was designated as Count 1, and two additional counts were added, in both of which it was alleged that a quitclaim deed to the property described in the first count had been

obtained by the defendants, alleged cotenants of the petitioners, and it was prayed that the title obtained by the defendants be decreed to be in all of the cotenants jointly. The additional counts were added prior to the sustaining of the demurrer to the first count.

A petitioner can bring a petition in more than one count, pleading different theories of his cause of action, and ordinarily he is not required to elect on which count he will rely. *Saliba v. Saliba*, 202 Ga. 791, 806 (44 SE2d 744). The theory on which the petitioners relied in the first count was not repugnant to the cause of action pleaded in the second and third counts, and there is no merit in the contention that the petitioners made an election of causes of action in the first count. Compare *Milton v. Milton*, 195 Ga. 130, 132 (3) (23 SE2d 411).

■ It is asserted that the petition was subject to general demurrer because of the failure to name necessary parties. It is contended that the petition alleged that Elie F. Waldrop and William E. Waldrop are heirs at law of George W. Waldrop with the petitioners and the defendants, and that these heirs are necessary parties to the action; and that the heirs at law of G. P. Reynolds are necessary parties. Counts 2 and 3 allege that the defendants have acquired the interest of G. P. Reynolds in the property. No conveyance of G. P. Reynolds is sought to be canceled or reformed, and his heirs are not necessary parties to the action.

By an amendment filed since the date of the notice of appeal, Elie F. Waldrop and William E. Waldrop have been joined as petitioners. The defendants question the jurisdiction of the superior court to allow an amendment to the petition after a notice of appeal has been filed and the costs have been paid. The general demurrers to Counts 2 and 3 of the petition as repleaded were overruled, and the case is still pending. The petitioners had a right to amend the petition at any time. *Sammons v. Tingle*, 216 Ga. 814 (120 SE2d 124); *Welsch v. Wilson*, 218 Ga. 843 (1) (131 SE2d 194). The question as to the failure to name these heirs as parties has therefore become moot. *Davis House, Inc. v. Mink*, 115 Ga. App. 264 (154 SE2d 661). For provisions of the Civil Practice Act as to the

naming of additional parties see Ga. L. 1966, pp. 609, 632 (*Code Ann.* § 81A-121).

■ Counts 2 and 3 of the petition allege: The petitioners, together with the defendants, are the sole heirs at law of George W. Waldrop, who died on September 5, 1953, and there has been no administration on his estate. A description and abstract of title of certain property is attached. By a writing dated April 2, 1929, G. P. Reynolds transferred title to the described property to George W. Waldrop, a copy of which writing is attached. The defeasance or forfeiture clause in this instrument was waived by G. P. Reynolds, as shown by an attached copy of an answer to a certain lawsuit. From the date of this writing until his death, George W. Waldrop held himself forth as being the owner of this property. After his death, his heirs, including the petitioners and the defendants, jointly and severally paid taxes on the property and attempted to clear the title to the property. On January 23, 1965, the defendants obtained a quitclaim deed from the heirs of G. P. Reynolds conveying title to the described property. The petitioners tendered to the defendants their pro rata share of the consideration paid for this quitclaim deed, and this tender is continuous, but this tender has been refused, and the defendants claim that they own the property to the exclusion of the petitioners. The prayers were for judgment and decree that the title to the property is vested in all the heirs of George W. Waldrop, and for other relief.

Count 3 contains additional allegations as to agreements between the petitioners and the defendants for the purpose of clearing the title to the property claimed by their father, the expenditure of money by the petitioners pursuant to this agreement, the pretense by the defendants of the filing of an action to quiet title, their concealment from the petitioners that they had learned that a quitclaim deed could be obtained, and their attempt to obtain the quitclaim deed for themselves, excluding the petitioners.

"It is generally held that tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that it would be inequitable to permit one of them, without

the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests." *Hardin v. Council*, 200 Ga. 822, 830 (38 SE2d 549); *Lanier v. Dyer*, 222 Ga. 30, 32 (148 SE2d 432).

The defendants contend that under the allegations of the petition, George W. Waldrop, father of the parties, never acquired title to the property described and that the parties, therefore, never became tenants in common. The writing under which the petitioners claim that a tenancy in common exists between the parties is a contract of sale signed by G. P. Reynolds, dated April 2, 1929, reciting that: "I have this day sold to George W. Waldrop, the following described property; [describing it] for the sum of $1,100, $200 of which amount has this day been paid in cash and the balance of the purchase price, namely $900 to be paid on or before January 1930. Said deferred payment to draw interest from this date at 8% per annum. . . It is agreed and understood that upon the payment of the $900 that the undersigned will cause to be executed to the said G. W. Waldrop a warranty deed to the above described property. Upon the failure of said G. W. Waldrop to comply with the above terms, then this agreement is null and void and of no effect."

" 'When a binding agreement is entered into to sell land, equity regards the vendor as a trustee of the legal title for the benefit of the vendee, while the latter is looked upon as a trustee of the purchase money for the benefit of the former.' Bisp. Prin. Eq. (5th ed.) § 364." *Phinizy v. Guernsey*, 111 Ga. 346, 348 (36 SE 796, 50 LRA 680, 78 ASR 207); *Walker v. General Ins. Co.*, 214 Ga. 758, 761 (107 SE2d 836). "Under an executory contract for the sale of land, with part of the purchase money paid, both the vendor and the vendee have a beneficial interest in the land, and each may sell or assign his interest." *Poole v. Atlanta Joint Stock Land Bank*, 189 Ga. 59, 62 (5 SE2d 368).

The writing executed by G. P. Reynolds to George W. Waldrop

was a contract of sale with a forfeiture clause. "Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture can not be recalled." *Pearson v. George,* 209 Ga. 938, 945 (77 SE2d 1). The petition alleges that G. P. Reynolds waived the forfeiture clause of the contract executed by him on April 2, 1929. The answer of Reynolds to an action by George W. Waldrop to require Reynolds to execute a deed to him, attached as an exhibit to the petition, indicates that Reynolds recognized the instrument as a binding obligation on him to make a deed on the payment of the balance of the purchase price, and no forfeiture is claimed in this answer.

Under the allegations of the petition, the petitioners and the defendants were cotenants in the beneficial interest obtained by their father by the contract executed by G. P. Reynolds, and the quitclaim deed obtained by the defendants from the heirs of G. P. Reynolds would inure to the benefit of the petitioners.

■ It is asserted by the defendants that the allegations of tender of the petitioners' proportionate share of the cost of obtaining the quitclaim deed were conclusions, the petition not alleging when tender was made, the amount, or to whom the tender was made. The petitioners alleged that they "tendered to defendants their pro rata share of the consideration paid for said quitclaim deed, but said tender was refused; that said tender is continuous, but hitherto the same has been refused, the defendants claiming they own said property to the exclusion of the plaintiffs. . ."

These allegations were sufficient to show that tender would be refused if made, since it is alleged that the defendants are claiming the property to the exclusion of the other tenants in common, and the petition was not subject to general demurrer because of failure to properly allege tender. *B-X Corp. v. Jeter,* 210 Ga. 250 (2), 255 (78 SE2d 790); *Hefner v. Hall,* 223 Ga. 148 (2) (154 SE2d 197). Should the petitioners prevail on the trial of the case, it would be necessary, of course, that they pay their proportionate share of the consideration of the deed prior to having title to their interest in the property decreed in them.

■ It is asserted that the contract of sale signed by G. P. Reynolds in 1929 can not now be enforced, and that the petitioners have been guilty of laches. The two counts remaining in the petition do not seek enforcement of this contract, but assert that the heirs of the maker of this contract have made a quitclaim deed to some of the heirs of George W. Waldrop; and they seek a decree declaring that this quitclaim deed inures to the benefit of all of his heirs, who became contenants as to the beneficial interest owned by him in the property under the contract. The quitclaim deed was executed on January 23, 1965, and no facts and circumstances are alleged which show that the petitioners have been guilty of laches in claiming their interest in the property under this deed, and this will be a question of fact for the determination of a jury. *Nixon v. Nixon,* 192 Ga. 629, 633 (15 SE2d 883); *Chambers v. Schall,* 209 Ga. 18, 21 (2) (70 SE2d 463); *Brown v. Brown,* 209 Ga. 620 (10) (75 SE2d 13).

■ Both counts of the petition stated a cause of action for a decree of title in the petitioners as to their interest in the property, on the payment of their proportionate share of the expense involved in obtaining the quitclaim deed, and the trial judge properly overruled the general demurrers to these counts.

*Judgment affirmed. All the Justices concur.*