24661. DYER et al. v. LANIER, Administrator.

SUBMITTED MAY 14, 1968—DECIDED MAY 23, 1968.

*Richard H. Herndon, John J. Sullivan,* for appellants.
*John R. Calhoun,* for appellee.

GRICE, Justice. This appeal is from the grant of a summary judgment in favor of a brother, decreeing that his sister and her husband hold title to the property in dispute in trust for those ultimately determined to be the owners under the estate of their mother.

The litigation began when the brother, John H. Lanier, individually and as administrator cum testamento annexo, filed suit in the Superior Court of Chatham County against Annie Mae Dyer and William J. Dyer. The suit sought injunction against dispossessory warrant proceedings which the sister and her husband had initiated against him as to the property in dispute, cancellation of certain deeds purporting to place title to the property in the sister and her husband, injunction against their interfering with his possession of the mother's estate as administrator, and decree that such property is held in trust by the sister and her husband for the mother's estate and that he is entitled to possession of the property as administrator until settlement of the estate.

This court, in *Lanier v. Dyer,* 222 Ga. 30 (148 SE2d 432), held that while the petition failed to set forth a cause of action for cancellation of the deeds because of nonjoinder of parties defendant, it did set forth allegations sufficient to state a cause of

action against the sister and her husband for injunction and other equitable relief, including the creation of a constructive trust. The opinion pointed out that upon the mother's death the brother and the sister became tenants in common of the property in dispute. It quoted from *Hardin v. Council*, 200 Ga. 822, 830 (38 SE2d 549), wherein it was held "that tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests."

The brother's subsequent verified motion for summary judgment followed the allegations of his petition thus upheld, including the tenancy in common feature, the foreclosure of the security deed upon the property, the later acquisition by the sister and her husband of such property from the security deed grantee, and the dispossessory warrant proceedings by which the sister and her husband sought to obtain exclusive possession of the joint property from the brother.

While the sister and her husband in their affidavits denied some of the matters recited by the brother, there was no denial of the allegations as to tenancy in common, foreclosure, and their acquisition of the property. Therefore, under the decision of this court in the prior appearance of this case in 222 Ga. 30, supra, there was no genuine issue as to any material fact and the brother was entitled as a matter of law to the judgment rendered. Ga. L. 1966, pp. 609, 660; *Code Ann.* § 81A-156 (c).

*Judgment affirmed. All the Justices concur.*