25305.   WALDROP et al. v. BETTIS et al.

UNDERCOFLER, Justice.   This is a repleaded claim by seven brothers and sisters against their three other brothers seeking to establish that title to certain real property is vested in all of them and for other relief.   The ownership of said property was claimed by their father George W. Waldrop under a contract entered into in 1929 with G. P. Reynolds.   Waldrop died intestate and his interest descended to the parties as his heirs at law.   There has been no administration of his estate. The heirs of G. P. Reynolds contended that the contract was forfeited under its provisions and claimed title to the property.   After unsuccessful efforts by all of the parties to this suit to clear the title, the three defendants obtained a quitclaim deed from the Reynolds heirs in which they were grantees.   This is the second appearance of this case in this court. For a more comprehensive statement of the facts see *Waldrop v. Bettis*, 223 Ga. 715 (157 SE2d 870).

In the previous appearance of this case in this court it was held that general demurrers to Counts 2 and 3 of the petition were properly overruled.   Division 3 of that decision held that under the allegations of the petition the parties were cotenants of the property in dispute by inheritance of the beneficial interest of their father therein.   It held also that the quitclaim deed obtained by the defendants from the Reynolds heirs would inure to the benefit of the other cotenants.

At the close of the plaintiff's evidence and again at the close of all the evidence, the defendants moved for directed verdicts as to each plaintiff on both counts of the petition.   The motions were denied.   The jury found a verdict for the plaintiffs and the court entered judgment decreeing title to the property in all the brothers and sisters as cotenants and directed the plaintiffs to pay to the defendants their pro rata share of the costs of obtaining the quitclaim deed.   The enumerations of error complain of the denial of the motions and that the trial court denied the defendants the right to a thorough cross

examination of the plaintiff, William Ellis Waldrop. *Held:*

1. The appellants contend that the evidence fails to show a binding contract between George W. Waldrop, father of the parties, and G. P. Reynolds as alleged in Count 2 of the petition. The allegations of the petition on the previous appearance of this case in this court were held sufficient to show a binding contract and were amply supported by the evidence. *Waldrop v. Bettis,* 223 Ga. 715, supra. This contention of the appellants is without merit.

2. The appellants contend that the plaintiffs failed to make a tender of their pro rata share of the cost of obtaining the quitclaim deed from the Reynolds heirs. The petition in addition to alleging a tender averred further that "said tender is continuous, but hitherto the same has been refused, the defendants claiming they own said property to the exclusion of the plaintiffs." On the previous appearance of this case in this court, it was held that: "These allegations were sufficient to show that tender would be refused if made, since it is alleged that the defendants are claiming the property to the exclusion of the other tenants in common, and the petition was not subject to general demurrer because of failure to properly allege tender." P. 720. This ruling is the law of the case and tender was not necessary if the evidence supports the allegations of the petition that the defendants claimed the property to the exclusion of the other cotenants. The appellants contend that the evidence fails to show that the defendants claimed the property to the exclusion of the plaintiffs at any time prior to the filing of this litigation. We have carefully reviewed the evidence and, although it is in conflict, it was sufficient to authorize the jury to find that the defendants had claimed the property to the exclusion of the plaintiffs. These contentions are without merit.

3. The appellants' contention that the plaintiffs do not come into equity with clean hands is not sustained by the record and is without merit.

4. Appellants' contention that the plaintiffs made an election of remedies is without merit. This question was decided adversely to the appellants in *Waldrop v. Bettis,* 223 Ga. 715 (1), supra.

5. The grounds of the motions for directed verdict based on the contentions ruled on in Divisions 1, 2, 3 and 4 are without merit and the trial judge properly denied the motions.

6. Appellants contend that the defendants were denied the right to a thorough cross examination of the plaintiff William Ellis Waldrop. The line of questioning sought to be pursued concerned the witness' domestic difficulties. "[T]here was nothing brought out in this witness' testimony on direct or cross examination which would indicate that the questions propounded or any possible answers thereto would have been relevant to the issue being tried." *Smith v. State,* 225 Ga. 328 (7) (168 SE2d 587). It follows that there is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969.

*Vernon W. Duncan, Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for appellants.

*Henritze, Baker & Bailey, Kirby G. Bailey,* for appellees.