27936. HITE et al. v. WALDROP et al.

ARGUED MAY 15, 1973 — DECIDED MAY 31, 1973 —
REHEARING DENIED JUNE 21, 1973.

*Gearinger, Bowles & Petty, H. H. Gearinger, Edge & Edge, John D. Edge,* for appellants.
*James L. Flemister, Kirby G. Bailey,* for appellees.

MOBLEY, Chief Justice. This appeal is from the grant of a partial summary judgment.

Ida Belle Hite, Ruby B. Thigpen, Bonnie Ethen Neal, and Kirby G. Bailey filed an action for equitable partition against Joe T. Waldrop, Ozelle B. Waldrop, George C. Waldrop, Agnes Odean Waldrop, Norris B. Waldrop, and Edith Irene Waldrop.

The defendants filed a "counterclaim in equity" in which they asserted that two former decisions of this court in cases concerning the title to this same property, between these same parties, or their privies, were in error, and that this error should be corrected under Code Ann. § 81A-160 (b) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240). This paragraph of Code Ann. § 81A-160 states the methods by which a judgment may be attacked. It was prayed in the counterclaim that partition be denied, and that the defendants be adjudged to be the owners of the land to the exclusion of the plaintiffs.

The plaintiffs amended their complaint and asked for attorney fees and punitive damages.

The plaintiffs filed a motion for partial summary

judgment as to their basic right for partition. The trial judge entered an order granting this motion, holding that the defendants' counterclaim was barred by res judicata.

In *Waldrop v. Bettis,* 223 Ga. 715 (3) (157 SE2d 870), it was held by this court that under the allegations of the petition in that case the parties were cotenants in described land (the same land described in the present case), under a quitclaim deed procured by Joseph T. Waldrop, Birk N. Waldrop, and George C. Waldrop. In *Waldrop v. Bettis,* 225 Ga. 491 (169 SE2d 777), this court affirmed the verdict of the jury decreeing title to the property in all the parties as cotenants, and directing the plaintiffs to pay to the defendants their pro rata share of the costs of obtaining the quitclaim deed. The appellants concede that the appellees have paid their pro rata share of the costs of obtaining the quitclaim deed.

In response to the motion for summary judgment the appellants show no reason why the former judgment (affirmed by this court) should be set aside in equity, but merely argue that the decision of this court affirming the jury verdict adverse to them was erroneous.

Code Ann. § 81A-160 (e) contains the same grounds for setting aside a judgment in equity as former Code § 37-214. Code § 110-501, pertaining to the conclusiveness of judgments, has not been repealed.

There must be an end to litigation. It is futile for the courts to decide issues if those same issues may be relitigated by the losing parties, contending that error was committed in the previous decisions. See *Bowman v. Bowman,* 215 Ga. 560 (111 SE2d 226).

The trial judge properly held that the counterclaim was barred by res judicata.

*Judgment affirmed. All the Justices concur.*