30922. WALDROP et al. v. HITE et al.

HILL, Justice.

This is the fourth appearance of this matter in this court.

In *Waldrop v. Bettis,* 223 Ga. 715 (157 SE2d 870) (1967), this court held that plaintiff's petition in equity for the removal of clouds on plaintiffs' title to described property stated a cause of action against general demurrer. Following the trial of that case at which the jury found in favor of the plaintiffs, and the trial court entered judgment decreeing title to the property to be in the plaintiffs and defendants as co-tenants, the

defendants appealed and this court affirmed the judgment of the trial court in *Waldrop v. Bettis,* 225 Ga. 491 (169 SE2d 777) (1969).

Thereafter, plaintiffs sought partition of the property. As shown by the opinion of this court in *Hite v. Waldrop,* 230 Ga. 684 (198 SE2d 665) (1973): "The defendants filed a 'counterclaim in equity' in which they asserted that two former decisions of this court in cases concerning the title to this same property, between these same parties, or their privies, were in error, and that this error should be corrected under Code Ann. § 81A-160 (b) . . . It was prayed in the counterclaim that partition be denied, and that the defendants be adjudged to be the owners of the land to the exclusion of the plaintiffs." The trial court granted plaintiffs' motion for partial summary judgment as to their right to partition, holding that the defendants' counterclaim was barred by res judicata, and this court affirmed.

Thereafter, defendants amended their counterclaim and alleged that the decision in *Waldrop v. Bettis,* 223 Ga. 715, supra, was void in that it was based upon mistakes of fact and law. The trial court sustained the defendants' motion to dismiss plaintiffs' amended counterclaim.

We affirm. This entire matter was adjudicated in *Hite v. Waldrop,* 230 Ga. 684, supra, where the court said: "There must be an end to litigation. It is futile for the courts to decide issues if those same issues may be relitigated by the losing parties, contending that error was committed in the previous decisions."

Unfortunately, Code Ann. § 6-1801 does not authorize the appellate court to award damages where the appeal was taken for delay only, unless the judgment be for a sum certain.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

Argued March 15, 1976 — Decided April 6, 1976.

*Richard L. Powell,* for appellants.
*Bailey & Shumaker, Kirby G. Bailey,* for appellees.