## A92A0819. KINNICK v. TEXTRON FINANCIAL CORPORATION.
### (422 SE2d 303)

JOHNSON, Judge.

Falcon Transport, Inc., a Georgia corporation, leased 15 trailers from Textron Financial Corporation. John Kinnick, president and sole shareholder of Falcon, executed the lease agreement on behalf of Falcon and also executed a personal guaranty of Falcon's obligations to Textron under the lease. Falcon defaulted on the lease agreement and filed for bankruptcy protection. Pursuant to the terms of the lease and with leave of the bankruptcy court, Textron took possession of 14 of the trailers and sold 13 of them in partial satisfaction of the balance due under the lease. Textron then filed an action against Kinnick to recover the remaining balance and moved for summary judgment. The trial court granted the motion and entered judgment against Kinnick in the amount of $156,611.18. Kinnick appeals.

1. Kinnick asserts in his first enumeration of error that the lease agreement should be governed by Georgia law. This assertion is without merit.

Both the lease agreement and Kinnick's personal guaranty contain choice of law provisions in which the parties agree that California law shall control. "Absent a contrary public policy, this court will normally enforce a contractual choice of law clause. [Cits.]" *Carr v. Kupfer*, 250 Ga. 106, 107 (1) (296 SE2d 560) (1982). Kinnick cites no public policy which contravenes enforcement of the lease or guaranty. We

therefore uphold the parties' choice of California law as controlling.

2. Kinnick's remaining enumerations of error construe the lease agreement in accordance with Georgia law. Specifically, Kinnick asserts violations of the Georgia Motor Vehicle Sales Financing Act, the Georgia Uniform Commercial Code and Georgia case law governing liquidated damages provisions in leases of personalty. None of Kinnick's enumerations is supported by citation of California law. Based on our holding in Division 1 of this opinion, Georgia law is inapplicable. Textron raised the choice of law issue in the court below and, absent a contrary showing, we must presume that the trial court correctly applied California law in granting Textron's motion for summary judgment. By relying solely on Georgia law, Kinnick has made no showing that the trial court erred in applying the applicable law. Accordingly, we find no error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*Chambers, Chambers & Chambers, John W. Chambers, Jr.*, for appellant.

*Hishon & Burbage, Hugh M. Worsham, Jr.*, for appellee.