A90A1206. NATIONAL FIDELITY LIFE INSURANCE COMPANY v. LANE.
(398 SE2d 775)

BEASLEY, Judge.

Defendant National Fidelity Life Insurance Company appeals the judgment entered on a $50,000 jury verdict for plaintiff Lane. He had sued for breach of a disability insurance contract and nonpayment of a claim. The insurer contends that the trial court erred by failing to stay the suit and enforce an "arbitration" provision in the contract.

Lane was an airline captain insured under a contract of disability with National Fidelity. The policy provided for a single lump sum payment of $50,000 if Lane became permanently disabled from pursuing his occupation as an airline pilot. Lane would be entitled to the payment if after 12 months of continuous and uninterrupted medical suspension from flight status it was determined that he was permanently prevented from carrying on this occupation as a result of his disability. After disability occurred, the insured was to notify the insurer, which then had a right to investigate the claim and interview the insured's physicians. The insurer could then accept the decision of the insured's medical advisor and pay the claim. Or it could choose its own medical advisor, who could examine the medical records and the insured. If the two agreed, the claim would be paid. If they did not, the policy as amended provided that the two "shall choose a third medical advisor to act as a referee." This so-called "referee" was to also examine the medical records and the insured and, after consulting with the others, break the tie. The three medical advisors were then to give a written opinion to the insured and insurer, and the contract provided that it be final and binding. The insurer's medical advisor and the third medical advisor were to be experts in the field.

Thus it was contemplated that physicians, a maximum of three, would decide whether the claimant was disabled or not, as defined by the policy.

The parties also agreed in the policy that no action at law or in equity would be brought to recover prior to the expiration of 60 days after determination of disability, actually non-disability, in accordance with the policy requirements.

Lane filed the present action prior to such a determination. Insurer responded and moved to stay the proceedings pending arbitration. The trial court denied the stay, concluding that the policy did not clearly make arbitration a condition precedent to the right to bring suit. It further concluded that even if it did, the insurer's actions in failing and refusing to institute the arbitration procedures after Lane's numerous requests to do so, together with the insurer's delays which caused Lane's claim to remain unresolved for two years after its initial filing, constituted a jury question as to whether or not the insurer had waived or abandoned arbitration. Reconsideration was denied and the case proceeded to trial.

The insurer maintains that the case is governed by the Federal Arbitration Act, 9 USC §§ 1-13, specifically § 2, and thus, the policy's arbitration provision was valid, irrevocable, enforceable and constituted a condition precedent to Lane's right to bring a civil action.

We assume arguendo that the policy does require "arbitration" as a condition precedent to suit by requiring a medical tie-breaker in case the parties' own medical advisors disagree, that the case involves interstate commerce so that the Federal Arbitration Act applies, and that such application in this case does not conflict with state law. See *West Point-Pepperell v. Multi-Line Indus.*, 231 Ga. 329, 331 (201 SE2d 452) (1973); *Gresham v. Ga. Dept. of Human Resources*, 257 Ga. 747, 748 (1) (363 SE2d 544) (1988). The Act does not as a matter of law mandate a stay of legal action in the context of this case.

Under the Act, "[a]n arbitration clause of a contract may be repudiated, waived, or abandoned, by either or both parties to a contract. [Cits.] An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration. [Cits.]" *McCormick-Morgan v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12-13 (345 SE2d 53) (1986). Section 2 itself expressly states a broad exception encompassing the circumstances here. At trial, the court instructed the jury on the principles of waiver, abandonment, or repudiation of an agreement to arbitrate. The jury was authorized to consider whether or not the insurer's actions regarding Lane's disability claim were inconsistent with any right to stand on the referee procedure in the insurance contract so as to render it unenforceable.

There was evidence of the following. Lane was removed from flight status on January 26, 1987. He notified the insurer of his claim

on July 23. The policy as amended requires notification during the 12-month period, contemplating opportunity for early investigation. About July 30 Lane received a letter from the insurer's adjuster requesting that Lane complete a form and execute a medical information release, which he did, mailing them back August 1. Lane did not hear again from the adjuster until December, when he received a copy of the July 30 letter and the second request for medical information and release. Lane again completed the forms and returned them. Even though the adjuster claimed that the original executed documents had never been received, the adjuster initiated no follow-up during the approximately five months between letters.

After reviewing Lane's medical records, the adjuster wrote Lane on January 29, 1988, informing him that the insurer wanted a medical evaluation done at the Mayo Clinic in Rochester, Minnesota. Lane agreed to go but heard nothing further about it. On March 24, the adjuster wrote to inform Lane that the insurer had forwarded his medical information to a physician in Houston, Texas, and that the earliest a medical evaluation could be done was June. Between February and June, Lane spoke with the adjuster 15 times in an effort to process his claim. He went to Texas for the medical evaluation during the week of June 13. The insurer made no arrangements for Lane's food or transportation. Lane returned from Texas and waited. After approximately 30 days with no word as to the decision of the insurer's medical advisor, Lane retained legal counsel.

On July 19, Lane's counsel telephoned the adjuster. The following day, counsel wrote the adjuster asking for copies of records and reports, including the report from the doctor in Texas. The letter also stated that if the doctor's report indicated that Lane was not disabled as defined in the policy, then the letter would constitute a request that the policy provision regarding appointment of a third medical advisor/referee be immediately implemented so as to avoid delay.

After receiving no response, Lane's counsel again wrote to the adjuster on September 12, demanding, inter alia, full payment pursuant to the terms of the policy. The adjuster responded by letter of September 21, advising that his recommendation to insurer would be to deny Lane's claim and giving the reasons he would recommend defending the claim on the basis of non-coverage in the event suit was filed by the insured. The letter did not respond to Lane's July 19 request to implement the policy's provision for a medical referee. On November 2, the adjuster wrote Lane's counsel about a lack of response concerning an "offer of arbitration," but at trial he testified that the reference to arbitration was erroneous. On November 15, Lane's counsel wrote the adjuster stating that Lane was more than willing to implement arbitration procedures and naming Lane's medical advisor. The adjuster did not contact Lane's counsel again.

Lane filed suit on December 9, almost two years after his removal from flight status, nearly a year and a half after notifying insurer of his claim, and almost a year after reaching the 12-month period of suspension from flying. Insurer's medical advisor was not asked to arrange with insured's medical advisor for a medical referee until January.

Such evidence permitted the jury to conclude that any mandatory three-expert determination under the policy as a condition precedent to suit was waived or abandoned by the action or inaction of the insurer inconsistent with an attempt to resolve Lane's claim short of lawsuit. The letter of denial and the lack of a timely response to the request for a third medical advisor/referee, which was contractually required even without a request, were inconsistent with the out-of-court procedure contemplated. Consequently the provision, even in light of the Federal Arbitration Act, fails to undermine the judgment entered on the jury's verdict.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1990.

*Carter & Ansley, H. Sanders Carter, Jr., Anthony J. McGinley,* for appellant.
*Alan W. Connell,* for appellee.