A91A1080, A91A1081. TIGNER v. SHEARSON-LEHMAN HUTTON, INC. et al. (two cases).
(411 SE2d 800)

BEASLEY, Judge.

As to Case No. A91A1081, we granted the application for interlocutory review by which plaintiff Tigner sought reversal of an order compelling arbitration, staying the case pending arbitration and denying the request for punitive damages. Case No. A91A1080 is the direct appeal from the same order.

Tigner had brought an action against Shearson and its agents for mismanagement of his brokerage account resulting in the loss of over $1,000,000. Shearson moved to compel arbitration under the terms of the brokerage account and to stay the proceedings pending arbitration. Shearson relied upon three client agreements which Tigner had signed, each providing for arbitration of disputes or controversies between the parties. Tigner opposed the motion to compel because he

contended the arbitration provision was fraudulently represented to him. Shearson asserted that an attack on the entire contract, rather than specifically the arbitration agreement, based on fraud or breach of fiduciary duty would not forestall arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U. S. 395, 404 (87 SC 1801, 18 LE2d 1270) (1967); *Merrill Lynch &c. v. Wilbanks*, 162 Ga. App. 154 (290 SE2d 122) (1982).

Tigner had sustained injuries as a result of a 1982 incident for which he received $1,380,000 in damages. This money was invested with Shearson and lost. Tigner contended that he was unable to read and because of the 1982 injuries he suffered mental deficiencies and periodic loss of memory. Therefore he was unable to manage his affairs and specifically the money he entrusted to Shearson. Shearson was informed of this and accepted the account with the understanding that Tigner needed complete guidance in the management and handling of his money. By affidavit Tigner showed that he was misinformed as to the contents of the three agreements he signed and did not know they contained provisions for arbitration.

The trial court, recognizing that this claim falls within the purview of the Federal Arbitration Act, 9 USC § 1 et seq., and that all doubts should be resolved in favor of arbitration (*ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 226 (338 SE2d 733) (1985)), considered the grounds advocated by Tigner as to why arbitration should be denied. He found that Tigner and Shearson had not entered into a fiduciary relationship; that Tigner's mental deficiencies did not excuse his failure to ascertain the contents of the contracts he signed; that "fraud in the factum" (Tigner's assertion that the subject matter of the representations made by Shearson's agent were totally different from the subject matter contained in the written client agreements) was not present. Thus, the court found no basis to preclude arbitration. See generally *Rodriguez-de Quijas v. Shearson/American Express*, 490 U. S. 477 (109 SC 2023, 104 LE2d 675) (1989); *Shearson/American Express v. McMahon*, 482 U. S. 220 (107 SC 2332, 96 LE2d 185) (1987).

The initial issue involves our standard of review vis-a-vis the trial court's ruling, because a question exists regarding the authority of the trial court to consider the factual issues raised rather than permitting a jury to determine them. Shearson contends that the applicable test is whether the trial court's findings were "clearly erroneous." See *Eassa Properties v. Shearson Lehman Bros.*, 851 F2d 1301, 1303 (11th Cir. 1988).

Title 9 of the United States Code contains several provisions pertaining to the right to assert arbitration. 9 USC § 2 states that a provision for arbitration shall be valid and enforceable "save upon such grounds as exist at law or in equity for the revocation of any con-

tract." 9 USC § 3 imposes upon trial courts, both federal and state, the duty to determine if the issue involved in a suit or proceeding is referable to arbitration. 9 USC § 4 provides for a party to petition a federal district court for an order directing arbitration and if an issue is raised in that regard to proceed summarily to trial. It also recognizes that absent demand, the trial court shall determine the matter, but upon demand a jury trial must be had. 9 USC § 6 states that otherwise any application for arbitration "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."

Our Civil Practice Act mandates a jury trial in all cases at law except when by written stipulation a party consents to trial by the court sitting without a jury. OCGA § 9-11-39; *Raintree Farms v. Stripping Center, Ltd.*, 166 Ga. App. 848 (1) (305 SE2d 660) (1983). If section 4 is read in conjunction with OCGA § 9-11-39 a jury trial was the proper vehicle to decide the existence of a valid contract of arbitration. *Three Valleys Mun. Water Dist. v. E. F. Hutton & Co.*, 925 F2d 1136, 1141 (9th Cir. 1991); *Par-Knit Mills v. Stockbridge Fabrics Co., Ltd.*, 636 F2d 51, 54 (3rd Cir. 1980). However, the language of section 4, in particular, refers to actions brought in federal court to obtain arbitration, not to motions for arbitration filed in response to actions in state or federal courts. See *United Nuclear Corp. v. General Atomic Co.*, 597 P2d 290, 308 (NM 1979). See also *World Brilliance Corp. v. Bethlehem Steel Corp.*, 342 F2d 362, 365 (1965).

Nevertheless, the tenor of the Arbitration Act focuses on the necessity for a jury determination of contested issues. See *National Fidelity Life Ins. Co. v. Lane*, 197 Ga. App. 423 (398 SE2d 775) (1990).

Section 2 recognizes that the grounds for declaring a contract invalid apply to arbitration provisions. When considered with Georgia code provisions for a pretrial judgment on the merits through the summary judgment process, involving the elimination of all genuine issues of material fact, the standard becomes whether the trial court was correct as a matter of law. See *Par-Knit Mills*, supra.

The question then is whether the trial court, having undertaken to consider the factual issues presented, correctly determined whether there was a fiduciary relationship between the parties.

Where one person sustains towards another a relation of trust and confidence, his silence when he should speak or his failure to disclose what he ought to disclose constitutes fraud in law just as do actual affirmative false representations. *Perkins v. First Nat. Bank*, 221 Ga. 82, 95 (143 SE2d 474) (1965); *Brown v. Brown*, 209 Ga. 620, 621 (6) (75 SE2d 13) (1953). Tigner made a showing that Shearson was aware of his problems and undertook an obligation to manage in his financial interest. *Kienel v. Lanier*, 190 Ga. App. 201, 203 (378 SE2d 359) (1989) (cited by the trial court to reach a contrary conclu-

sion), is authority for the proposition that a confidential relationship may exist between businessmen, depending on the facts. "The showing of a relationship *in fact* which justifies the reposing of confidence by one party in another is all the law requires." *Cochran v. Murrah*, 235 Ga. 304, 307 (219 SE2d 421) (1975). OCGA § 23-2-58 defines a confidential relationship as one "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." One of the areas where the law finds a confidential or fiduciary relationship is in the case of principal and agent. *Stewart v. Boykin*, 165 Ga. App. 868 (303 SE2d 50) (1983). Here the proof points directly to the fact that Shearson exercised a "controlling influence" over Tigner and that he relied upon the relationship. *Van Den Berg v. Northside Realty Assoc.*, 172 Ga. App. 591, 592 (323 SE2d 839) (1984). Compare *Yee v. Barnwell*, 193 Ga. App. 820, 822 (1) (389 SE2d 392) (1989). Because of his disabilities of which Shearson was aware, a fiduciary relationship was created.

Because of the controlling factor of a fiduciary relation as to whether there was fraud, Case No. A91A1081 must be reversed with direction that the trial court make its determination based upon the fact that such relationship existed. The appeal in Case No. A91A1080 is dismissed.

*Judgment reversed with direction in Case No. A91A1081. Appeal dismissed in Case No. A91A1080. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 1, 1991.

*Fortson & White, Marion Smith II, John A. Howard, Claude P. Czaja, Johnson & Ward, William C. Lanham, Clark H. McGehee*, for appellant.

*Peterson, Dillard, Young, Self & Asselin, Peter J. Anderson, David C. Jensen, J. Stuart Teague, Jr.*, for appellees.