A95A1242. PINNACLE CONSTRUCTION COMPANY, INC. et al. v. OSBORNE et al.
(460 SE2d 880)

BIRDSONG, Presiding Judge.

Elbert and Deborah Osborne sued Pinnacle Construction Company for defects in a new house, alleging breach of contract, breach of warranty, fraud and unfair and deceptive trade practices. Pinnacle moved to compel arbitration. In denying this motion, the trial court held that Pinnacle "does not seek to compel arbitration under the terms of the HBW warranty but rather under . . . the . . . contract for purchase and sale of real estate," and that as the sales contract was not initialed by the parties, under OCGA § 9-9-2 (c) (8), the Arbitration Act does not apply to compel arbitration. We granted an interlocutory appeal.

Pinnacle contends this is a dispute involving "construction contracts [or] contracts of warranty on construction" which under OCGA § 9-9-2 (b) are compelled to be arbitrated, and is not a dispute under

a "sales agreement or loan agreement for the purchase or financing of residential real estate," which under OCGA § 9-9-2 (c) (8) may not be compelled to be arbitrated "unless the clause agreeing to arbitrate is initialed by all signatories at the time of the execution of the agreement." *Held*:

1. Appellees' motion to dismiss this appeal is denied. We note that appellees filed no objection or response to Pinnacle's application for interlocutory appeal.

2. This suit involves claims based on a sales agreement for residential real estate which included a provision that the seller would construct a certain house on the property in accordance with plans and specifications which meet local building codes.

In providing that "[a]ny sales agreement or loan agreement for the purchase or financing of residential real estate" is exempt from application of the Arbitration Act (OCGA § 9-9-2 (c) (8)), the legislature is deemed to know that in modern commerce and contract term usage, new houses are sold by sales agreements containing provisions for the construction of a new house. See *Holmes v. Worthey*, 159 Ga. App. 262, 265 (282 SE2d 919), aff'd in *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9). Stipulations and provisions for construction of a house in a sales contract "are clearly not a mere agreement to convey." *Holmes*, supra at 266. Sales agreements for new houses impose obligations on the vendor other than those relating to title or possession. Id. at 267. In affirming our decision in *Holmes*, the Supreme Court held in *Worthey*, supra at 105, that the " 'build' provisions of build-sale contracts are not performed by delivery and acceptance of the warranty deed." When a sales agreement involves the purchase of a house to be constructed by the seller, it includes the promise to build the house in accordance with specifications named in the sales contract, and a suit for defects in that house may be maintained under that sales contract. Id. This was well-established law when the legislature enacted the Arbitration Act.

3. The Arbitration Act is in derogation of common law and must be strictly construed and not extended beyond its plain terms. Under common law, an agreement between parties to settle any dispute by arbitration is against public policy and is void as an effort to oust the courts of jurisdiction. See *Savannah Transit Auth. v. Ledford*, 179 Ga. App. 238, 239 (345 SE2d 915). The legislature included sales agreements for "residential real estate" among those which under OCGA § 9-9-2 (c) (8) must be initialed before the parties can compel arbitration, and in so doing, it did not distinguish sales agreements for the sale of new houses (which often include provisions to build). Therefore, we are not authorized to impose such a distinction. Further, it would be irrational to infer that the legislature intended to exclude sales contracts for new houses from this statutory require-

ment, because the purpose of the requirement is to ensure that purchasers of residential real estate are not compelled to give up their common law right of access to the courts unless they specifically acknowledge the intent to do so by initialling the arbitration clause in the sales contract. No reason exists to exclude buyers of new houses from this exception.

Contrary to Pinnacle's assertion, *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790, 791 (449 SE2d 154) does not hold that the exception at OCGA § 9-9-2 (c) (8) applies only to disputes over title or conveyance and not to construction disputes.

4. We note that the arbitration clause in this sales contract provides: "Warranty provisions of the home constructed under this contract are provided under an insured home builder warranty contract and both seller and buyer agree to abide by these provisions." The sales contract thus contains the seller's agreement to abide by the warranty, and its failure to do so may be addressed under the sales contract. This includes the failure to obtain an "insured" homeowners warranty as promised in the sales agreement. The arbitration clause in this sales agreement further provides that "*any* controversy or claim arising out of or *relating to this contract*, or breach thereof, *shall* be settled by arbitration." (Emphasis supplied.) This would include any claim under the warranty. Recourse to the warranty provisions in the separate warranty would therefore be maintained under the sales agreement, but since the arbitration clause in the sales agreement was not initialed, arbitration for any such dispute may not be compelled.

5. Nevertheless, Pinnacle contends arbitration may be compelled under the separate warranty. However, the warranty does not compel arbitration. It merely permits the buyers to seek arbitration.

We further note that, as stated in Division 4, since the arbitration provision in the sales agreement requires buyer and seller to abide by the warranty provisions, the failure to abide by the warranty could be addressed under the sales contract. If the parties had initialed that clause in the sales contract (OCGA § 9-9-2 (c) (8)), the seller might now be contending that any claim under the warranty could be compelled to arbitration despite the provision in the warranty itself that the buyers "may" resort to arbitration. In such way, the seller might unfairly attempt to force arbitration without complying with the requirement to initial the arbitration clause in the residential real estate sales contract. As to the legal effect of this, we express no opinion.

Because the parties did not initial the arbitration clause in the sales contract, the trial court did not err in refusing to compel arbitration in this case.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 17, 1995.

*Zachary & Segraves, William E. Zachary, Jr.*, for appellants.
*Johnson & Freeman, Horace J. Johnson, Jr.*, for appellees.