A99A1951. HAYNES et al. v. FINCHER et al.
(525 SE2d 405)

JOHNSON, Chief Judge.

The central issue in this case is whether an arbitration provision contained in a builder's warranty is enforceable. We find that the provision is enforceable and therefore affirm the trial court's grant of summary judgment to the builder.

In March 1995, William and Annie Haynes contracted to buy a house to be built by Donald Fincher. Among other things, the contract provided that a builder's warranty from the Residential Warranty Corporation would be delivered to the Hayneses at the closing of the sale of the house. Fincher built the house, and the closing was held in November 1995. At the closing, the Hayneses applied for the builder's warranty, which Residential eventually issued. The Hayneses' signed application provides that the warranty consists of that application and the warranty program booklet. The application further states that by signing the application the Hayneses acknowledged that they had read the booklet.

The introduction to the booklet stresses that the warranty program provides for the settlement of disputes by binding arbitration. And a subsequent section in the booklet establishes that any disputes the buyers have with the builder may be submitted to binding arbitration governed by the procedures of the Federal Arbitration Act.

About eight months after the closing, the Hayneses initiated arbitration proceedings against Fincher under the warranty program, claiming numerous defects in their newly constructed home. An arbitrator was appointed and a hearing was held at which the parties presented their evidence and arguments. The arbitrator then issued a final award, finding the builder responsible for some, but not most, of the claimed defects. The Hayneses did not appeal that award pursuant to the arbitration appeal procedures allowed by the warranty program.

Instead, several months after the arbitrator's award, the Hayneses sued Fincher and his company, Tara Construction Company, as well as the company of his former building partner, for breach of contract, negligence and fraud. Fincher and Tara moved for summary judgment, asserting that the warranty provided for binding arbitration which had already been held. The trial court granted the motion. The Hayneses appeal from the grant of summary judgment to Fincher and Tara.

1. The Hayneses argue that the binding arbitration provision contained in the warranty program is not an enforceable agreement because neither they nor Fincher initialed it as required by OCGA § 9-9-2 (c) (8). The argument is without merit because that Code section requires parties to initial arbitration clauses only in home sale or loan contracts.[1] The builder's warranty which the Hayneses obtained from Residential is not a home sale or loan contract, and therefore OCGA § 9-9-2 (c) (8) does not apply to that warranty. Consequently, the absence of the parties' initials beside the warranty's arbitration provision is not fatal to that provision.

The Hayneses' attempt to avoid their agreement to be bound by the warranty's arbitration provision is unpersuasive. It is undisputed that the Hayneses applied for the warranty; the face of their application plainly states that the warranty consists of the application and the warranty program booklet, and that by signing the application they acknowledge having read the warranty booklet; the booklet clearly provides that disputes may be resolved by binding arbitration under the Federal Arbitration Act; the Hayneses sought the benefit of such dispute resolution by requesting arbitration pursuant to the warranty program; they participated in the arbitration which they had started; and they obtained a final arbitration award that they did not challenge under the arbitration appeal procedures.

Based on these facts, there is no question that the Hayneses agreed to the warranty program's binding arbitration provision. And contrary to the Hayneses' arguments, such an agreement is valid and enforceable.[2] The Hayneses have shown no error.

2. The Hayneses contend that the arbitration provision in the warranty program is unenforceable because Fincher fraudulently misrepresented to them his ability to procure the warranty. The contention is without merit because even if we assume there is some evidence that Fincher misrepresented his ability to get the warranty, the warranty was in fact procured and is in effect. In order to estab-

---

[1] OCGA § 9-9-2 (c) (8); *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 367-368 (3) (460 SE2d 880) (1995).

[2] See *Primerica Financial Svcs. v. Wise*, 217 Ga. App. 36, 37 (1) (456 SE2d 631) (1995); *Tigner v. Shearson-Lehman Hutton*, 201 Ga. App. 713, 714 (411 SE2d 800) (1991).

lish fraud, plaintiffs must show that they have been damaged by the alleged misrepresentation.[3] Because the warranty was actually issued, the Hayneses have shown no harm from the alleged misrepresentation and no basis for reversing the summary judgment ruling.[4]

3. The Hayneses enumerate that the court erred in granting summary judgment because some of the matters raised in this lawsuit fall outside the scope of the arbitration agreement. The Hayneses have failed, however, to indicate exactly what matters are outside the scope of the arbitration award that they sought and obtained pursuant to the arbitration agreement. It is not the function of this court to cull the record and speculate as to what matters possibly support the Hayneses' enumerated error.[5] Their failure to articulate the specific bases for the alleged error amounts to a failure to show a genuine issue of material fact requiring reversal of the summary judgment ruling.

4. The Hayneses' contention that the warranty provision for arbitration is void as against public policy is specious. The General Assembly's adoption of the Georgia Arbitration Code[6] establishes a clear public policy in favor of arbitration.[7]

5. The Hayneses correctly note that the contract for the construction and sale of the home does not contain an enforceable arbitration agreement. The arbitration clause in that contract expressly states that if it is not initialed by both parties, then it is unenforceable. There is no dispute that although the Hayneses initialed the arbitration clause, Fincher did not initial it. Thus, as Fincher concedes, by its own terms the arbitration clause in the home construction and sale contract is not enforceable.

Nevertheless, the unenforceability of that clause is not a basis for reversing the trial court's grant of summary judgment to Fincher and Tara because the binding arbitration in question was not conducted pursuant to the home construction and sale contract. Rather, it was conducted, at the Hayneses' request, pursuant to the binding arbitration provision contained in the home warranty program, which, as discussed above, is a valid and enforceable agreement.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

---

[3] *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 39 (1) (491 SE2d 81) (1997); *Brooks v. Dime Sav. Bank of New York*, 217 Ga. App. 441, 442 (1) (457 SE2d 706) (1995).
[4] See id.
[5] See *Collins v. Newman*, 237 Ga. App. 861, 862 (1) (517 SE2d 100) (1999).
[6] OCGA § 9-9-1 et seq.
[7] *St. Paul Fire &c. Ins. Co. v. Barge*, 225 Ga. App. 392, 396 (5) (483 SE2d 883) (1997); *Weyant v. MacIntyre*, 211 Ga. App. 281, 282 (1) (438 SE2d 640) (1993).

DECIDED NOVEMBER 17, 1999 —
RECONSIDERATION DENIED DECEMBER 1, 1999 —

*Charles R. Floyd, Jr., Deborah M. Floyd,* for appellants.
*Alfred L. King, Jr.,* for appellees.