A02A0406. MOORE & MOORE PLUMBING, INC. v. TRI-SOUTH CONTRACTORS, INC.
(567 SE2d 697)

MILLER, Judge.

Moore & Moore Plumbing, Inc. appeals from the trial court's order compelling arbitration pursuant to a contract between Moore and Tri-South Contractors, Inc. On appeal Moore contends that the trial court erred by (1) ordering the parties to comply with the arbitration clause in the contract and (2) dismissing the case without

prejudice after ordering the parties to submit to arbitration. We discern no error and affirm.

The record reveals that Tri-South, a general contractor, entered a subcontract agreement with Moore for the construction of several apartments. Under the agreement, Moore was responsible for, among other things, providing "all labor and materials necessary to install [a] complete plumbing system for 208 apartment units, clubhouse, trash compactor, and maintenance facility/car wash." The agreement also provided several options to Tri-South in the event that it was not satisfied with Moore's work:

> If in the opinion of the Contractor, the Subcontractor neglects or fails to supply a sufficient number of workmen of the proper skill, or materials of the proper quality, or fails in any respect to prosecute the work required by this Agreement with promptness and diligence, or the work of the Subcontractor is not executed in accordance with plans and specifications, or is such as to interfere with or delay the work of the Contractor or other Subcontractors, and Subcontractor fails to remedy . . . such conditions within **24** hours after the posting of a written notice by registered mail or dispatch of telegram (any such notice to be effective as [sic] the time of posting or delivery to the telegraph company) directed to [the Subcontractor's address] specifying such of the foregoing as is applicable, the Subcontractor authorizes the Contractor as follows: (a) To use any of Subcontractor's equipment and to consume any materials on the job until it is completed. (b) To complete the job, and procure such equipment, labor and material as is necessary therefore [sic], and Subcontractor agrees to pay the cost of same plus 15% of such cost to compensate General Contractor for overhead and profit. (c) To withhold any monies which may be due Subcontractor for work or labor in connection with this job or any other job for which Subcontractor may be furnishing labor and material, and at Contractor's election such monies shall be forfeited as liquidated damages for such default. (d) To contract with others for the completion, either in whole or in part of such work as [sic] Subcontractor's cost and expense.

(Bold in original.)

There was also an arbitration provision in the contract:

> In the event that the parties are unable to settle any dispute, relating to their rights under this Contract, which is

not otherwise provided for herein, the Contractor and the Subcontractor shall each appoint one arbitrator and those arbitrators shall elect a third arbitrator, and the decision of such arbitrators as to any matter in dispute shall be final and conclusive upon the rights of both parties. . . . The cost of any such arbitration shall be borne equally between the parties.

After being paid on its first two draw requests, Moore submitted a third draw request for over $30,000 for plumbing work that Moore had done up to June 25, 2000. This request was initially approved by Tri-South, but before Tri-South paid Moore it sent, via certified mail, a letter to Moore dated June 29, 2000. In the letter, Tri-South informed Moore that Moore was behind schedule in completing its work and that Tri-South was giving Moore the requisite 24 hours notice pursuant to the contract to remedy the deficiencies. The letter outlined the options available to Tri-South if Moore did not remedy the conditions within 24 hours, including its option to take over the job and "withhold any monies which may be due Subcontractor for work or labor in connection with this job or any other job for which Subcontractor may be furnishing labor and material. . . ."

In a second letter dated July 6, 2000, Tri-South informed Moore that Moore was still behind schedule on its work on the same building that was unfinished as of Tri-South's June 29 letter to Moore. When Moore's third draw request became due on July 15, Tri-South did not pay it. Tri-South then fired Moore from the job on July 25 and went on to complete the work through another subcontractor. Moore claims to have rescinded the contract at that time.

After Moore sent a letter to Tri-South requesting arbitration to resolve its dispute with Tri-South, Moore then sued Tri-South, claiming that Moore had rescinded the contract due to Tri-South's failure to pay the third draw request. Tri-South denied that the contract had been rescinded and moved to compel arbitration. Moore argued that the arbitration clause no longer had any effect because the entire contract had been rescinded. The trial court disagreed and granted Tri-South's motion to compel arbitration and dismissed the case without prejudice. Moore appeals from this ruling.

1. Moore argues that the trial court erred by compelling arbitration pursuant to the subcontract agreement. Moore claims that it rescinded the contract, thereby rendering the entire contract, including the arbitration provision, void. Since there is no evidence in the record upon which Moore could rescind the contract, we hold that the trial court properly compelled arbitration pursuant to the contract.

Similar to our review of the grant of summary judgment, which involves the elimination of all genuine issues of material fact, the

standard of review from the grant of a motion to compel arbitration is whether the trial court was correct as a matter of law. *Tigner v. Shearson-Lehman Hutton, Inc.*, 201 Ga. App. 713, 715 (411 SE2d 800) (1991).

In addition, the construction of a contract is a question of law for the court that is subject to de novo review. *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000). Where contract language is unambiguous, construction is unnecessary and the court simply enforces the contract according to its clear terms. *Caswell v. Anderson*, 241 Ga. App. 703 (527 SE2d 582) (2000).

The contract at issue here clearly states that Tri-South was only required to give Moore notice via certified mail of its opinion that the subcontract work was not being completed with promptness and diligence. Moore then had 24 hours to remedy the deficiencies before Tri-South could exercise its other rights under the contract, which included completing the work through a different subcontractor and withholding payment for other work that Moore had completed.[1] It is undisputed that Tri-South sent a notice to Moore via certified mail outlining the deficiencies in Moore's work and stating that Moore was behind schedule. The deficiencies were not corrected within 24 hours, as evidenced by the second letter sent to Moore several days later, which concerned untimely performance relating to the work being done on the same building mentioned in the first letter. Tri-South was then entitled to complete the work through another subcontractor and withhold further payment to Moore.

Since there is no evidence that Tri-South operated outside of the express terms of the contract when it notified Moore of the problems with the work, withheld money from Moore, and completed the work through another subcontractor, there was no basis for Moore to rescind the contract. See *Sinclair Refining Co. v. Davis*, 47 Ga. App. 601 (1) (171 SE 150) (1933) (in order to authorize a rescission of a contract without consent of the opposite party, the opposite party must *"breach* [the] contract as to a matter so substantial and fundamental as to defeat the object of the contract . . .") (emphasis supplied); see also OCGA § 13-4-62; *Lanier Home Center v. Underwood*, 252 Ga. App. 745, 746 (1) (557 SE2d 76) (2001). Thus, the contract was not rendered void, and the trial court properly compelled arbitration pursuant to the terms of the contract. See *Saturna v. Bickley Constr. Co.*, 252 Ga. App. 140, 142 (555 SE2d 825) (2001) (trial court properly compelled arbitration where parties expressed clear intent to arbitrate through valid arbitration provision).

[1] We make no ruling here as to the validity of the clause stating that the withheld monies could be considered as "liquidated damages," because that issue has not been raised by the parties here.

2. Moore further contends that the trial court erred by dismissing the case without prejudice after ordering the parties to submit to arbitration. However, when all of the issues in the underlying suit are compelled to arbitration and there is nothing left for the trial court to resolve, as was the case here, it is not error for the trial court to dismiss the suit with prejudice rather than grant a stay, let alone to merely dismiss the case without prejudice. See *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 90 (2) (532 SE2d 436) (2000). We discern no error here.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 7, 2002 —
RECONSIDERATION DENIED JUNE 21, 2002.

*Wood & Perry, Jere F. Wood*, for appellant.
*Webb, Tanner & Powell, Robert J. Wilson*, for appellee.