A03A2236. LAIRD et al. v. RISBERGS.

(596 SE2d 412)

MILLER, Judge.

Kent and Andrea Laird sued Peter Risbergs for fraud and defective workmanship in connection with a home built by Risbergs and purchased by the Lairds. After a year of litigation, Risbergs demanded arbitration based on a provision in a warranty agreement issued to the Lairds in connection with the home sale. The trial court ordered the case to arbitration, which the Lairds appeal. We hold that since the evidence reveals that the Lairds did not sue pursuant to the warranty agreement and since the remaining uninitialed arbitration provision in the sales contract (under which contract the Lairds did sue) was strictly voluntary, the trial court erred in ordering the parties to arbitration as opposed to allowing the case to proceed to trial.

Similar to our review of the grant of summary judgment, which involves the elimination of all genuine issues of material fact, the standard of review from the grant of a motion to compel arbitration is whether the trial court was correct as a matter of law. *Tigner v. Shearson-Lehman Hutton, Inc.*, 201 Ga. App. 713, 715 (411 SE2d 800) (1991). The dispositive issue on appeal here is whether the Lairds can be held to the mandatory arbitration provision in the warranty agreement in this case, which agreement the Lairds did not use as a basis for their lawsuit. We hold that they cannot, and that the trial court therefore erred in ordering the Lairds to submit to arbitration.

The record reveals that on June 15, 1998, the Lairds entered a New Construction Purchase and Sale Agreement (the Agreement) with Risbergs for the construction and purchase of a new home. The Agreement provided that Risbergs would supply to the Lairds at closing or at a reasonable time thereafter a Quality Builder's 2/10 Warranty (the Warranty), and that the Lairds would waive any implied warranties in favor of those provided in the express Warranty. The only reference to arbitration in the Agreement was as follows:

All parties to this Agreement acknowledge that, in the event of a dispute arising after execution of this Agreement, there is a *voluntary* "Binding Arbitration Procedure" available to the parties to this Agreement in accordance with the Official

Code of Georgia (O.C.G.A.) Sec. 9-9-1 et seq., *provided all parties to this Agreement concur in writing to abide by same.*

(Emphasis supplied.) The portions of the Agreement referencing the Warranty made no mention of any additional arbitration provisions that would be included as a part of the Warranty. It is further undisputed that the Lairds did not mark their initials next to the arbitration clause in the Agreement.

The closing took place on October 31, 1998, and Risbergs provided the Lairds with the Warranty. The Warranty contained a separate mandatory arbitration provision, requiring that disputes arising out of the alleged quality of the home construction and other issues covered under the Warranty be submitted for arbitration before the homeowners could initiate litigation. It is undisputed that the Lairds did not sign any document indicating that they were aware of the contents of this separate and mandatory arbitration provision.

When disputes arose between the Lairds and Risbergs regarding the quality of work that Risbergs had done on the home, the Lairds sued Risbergs for, among other things, fraud, defective workmanship, and negligent construction. The Lairds specifically elected not to sue pursuant to the Warranty. After a year of litigation, Risbergs demanded arbitration pursuant to the arbitration provision in the Warranty. The trial court granted the demand. Following the denial of their motion for reconsideration (and having followed the interlocutory appeal procedure), the Lairds appeal.

The only mention of arbitration in the Agreement between the Lairds and Risbergs refers to the *voluntary* arbitration under the Georgia Arbitration Code (OCGA § 9-9-1 et seq.), which statute provides the exclusive means by which agreements to arbitrate disputes may be enforced. OCGA § 9-9-2 (c). Arbitration cannot be compelled pursuant to the statute with respect to "[a]ny sales agreement or loan agreement for the purchase or financing of residential real estate *unless* the clause agreeing to arbitrate is initialed by all signatories at the time of the execution of the agreement." (Emphasis supplied.) OCGA § 9-9-2 (c) (8).

Here, it is undisputed that the Lairds did not initial the arbitration provision in the Agreement. Thus, this provision in the sales contract could not be enforced against the Lairds under the Agreement. See OCGA § 9-9-2 (c) (8). Even if the provision could be enforced, it is further undisputed that the Lairds did not agree in writing to submit to arbitration as required by the Agreement. Thus, the Lairds could not be compelled to submit to arbitration pursuant to the Agreement. See *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 367-368 (2), (3) (460 SE2d 880) (1995); OCGA § 9-9-2 (c) (8).

However, appellee here attempts to enforce the mandatory arbitration provision in the Warranty instead of the voluntary arbitration provision in the sale Agreement. In support of his efforts, appellee cites *Haynes v. Fincher*, 241 Ga. App. 179, 180 (1) (525 SE2d 405) (1999), for the proposition that the Lairds' failure to initial the arbitration provision in the Warranty does not preclude enforcement of the mandatory arbitration provision, because the Warranty is not a sales or loan agreement for the purchase of real estate. See also OCGA § 9-9-2 (c) (8). While this general proposition is true, *Haynes* is completely inapplicable to the instant case.

Here, the Lairds did not sue pursuant to the Warranty, nor did they sign any document purporting to specifically submit to the mandatory arbitration provision in the Warranty over the voluntary provision contained in the sale Agreement. Indeed, the Lairds only accepted the Warranty pursuant to the sale Agreement itself. Therefore, the arbitration provision in the Warranty would only apply, if at all, through the sale Agreement, which agreement gives no notice of the mandatory arbitration provision in the Warranty and indeed refers only to general voluntary arbitration. We hold that the trial court erred in ordering the parties to arbitration.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004.

*Webb, Tanner & Powell, Steven A. Pickens, Matthew P. Benson*, for appellants.
*Ralph L. Taylor III*, for appellee.