## A05A0304. LaSONDE et al. v. CITIFINANCIAL MORTGAGE COMPANY, INC.
### (614 SE2d 224)

RUFFIN, Chief Judge.

Jack and Mary LaSonde sued CitiFinancial Mortgage Company, Inc. ("CitiFinancial"), alleging that CitiFinancial wrongfully commenced foreclosure proceedings against their property in College Park ("the property"). The trial court referred the LaSondes' claims to arbitration and dismissed their complaint. Proceeding pro se, the LaSondes appeal. We find no error and affirm.

"The standard of review from the grant of a motion to compel arbitration is whether the trial court was correct as a matter of law."[1] In this case, the record shows that Jack LaSonde obtained a loan in November 2000 from CitiFinancial, which was formerly known as Associates Home Equity Services, Inc. As security for the loan, Jack gave CitiFinancial a deed to secure debt on the property, and he signed a promissory note evidencing to the indebtedness.

The promissory note contains an arbitration clause, which states: "The parties have on this date entered into a separate Arbitration Agreement, the terms of which are incorporated herein and made part hereof by reference." Pursuant to the referenced Arbitration Agreement, Jack and CitiFinancial agreed to arbitrate "all claims and disputes, . . . includ[ing], without limitation, all claims and disputes arising out of, in connection with, or relating to . . . [Jack's] loan from [CitiFinancial]." They stipulated that the Federal Arbitration Act governs the agreement. And they agreed that "[a]ny claim or dispute arising out of, relating to, or in connection with [CitiFinancial's] exercise of the remedy of repossession or non-judicial foreclosure . . . is subject to arbitration."

According to CitiFinancial, Jack subsequently defaulted on the loan, and it accelerated the balance and demanded full payment pursuant to the promissory note's terms. It also advised Jack that it had instituted foreclosure proceedings against the property in the manner provided by the promissory note and deed to secure debt.

The record shows that Mary owned no interest in the property when Jack obtained the loan from CitiFinancial in November 2000. But, in August 2001, after CitiFinancial informed him that he was in default, Jack transferred an interest in the property to Mary for $10. And, on March 5, 2002, both Jack and Mary filed suit against CitiFinancial for "Equitable Relief and Damages." They claimed that the foreclosure was wrongful, "void," and should be set aside. They

---

[1] (Punctuation omitted.) *Krut v. Whitecap Housing Group*, 268 Ga. App. 436, 441 (2) (602 SE2d 201) (2004).

further alleged that CitiFinancial's actions breached the terms of the promissory note and security deed, entitling them to damages.

CitiFinancial subsequently moved to compel arbitration under the arbitration agreement. Noting that Mary was not a party to the promissory note or arbitration agreement, the trial court initially granted the motion only as to Jack's claims. Upon reconsideration of its order, however, the trial court found that the claims asserted by Jack and Mary "are intertwined in such a way that arbitration would not be complete without both Plaintiffs." It thus referred all claims to arbitration and dismissed the complaint.

On appeal, the LaSondes raise three enumerations of error. They claim that the trial court (1) erred in including Mary in the arbitration order; (2) violated Mary's state and federal constitutional rights by referring her claims to arbitration; and (3) committed a procedural error by "summarily dismissing the case below." None of these allegations supports reversal.[2]

1. The LaSondes first argue that Mary cannot be forced to arbitrate her claims because she did not sign the arbitration agreement or promissory note. Under certain circumstances, however, nonsignatories to an arbitration agreement governed by the Federal Arbitration Act can be compelled to arbitrate their claims.[3]

Federal law provides guidance for determining "the circumstances under which a nonsignatory may be bound" by such agreements.[4] And as found by both Georgia and federal courts, the theory of equitable estoppel provides one basis for bringing a nonsignatory within an arbitration agreement.[5] For example, when a plaintiff who has executed a contract containing an arbitration agreement sues both a signatory to that contract and a nonsignatory, the nonsignatory can successfully compel arbitration of claims against him that relate to the contract.[6] In those cases, the plaintiff — who chose to sue the nonsignatory for claims arising out of the contract — is estopped from avoiding arbitration of those claims. Similarly, a federal district

---

[2] In their reply brief, the LaSondes appear to raise additional arguments, such as that the arbitration agreement is void or has been waived by CitiFinancial. Statements in an appellant's briefs, however, "cannot enlarge or alter the scope of review to include issues not reasonably contained in the enumeration[s] of error." *Mobley v. Sewell*, 226 Ga. App. 866, 869 (487 SE2d 398) (1997). In other words, an appellant cannot use the reply brief to expand his or her allegations of error. See id. Accordingly, we do not address these arguments on appeal.

[3] See *Lankford v. Orkin Exterminating Co.*, 266 Ga. App. 228, 231 (3) (597 SE2d 470) (2004).

[4] Id.

[5] See id.; *MS Dealer Svc. Corp. v. Franklin*, 177 F3d 942, 947 (11th Cir. 1999); *A. L. Williams & Assoc. v. McMahon*, 697 FSupp. 488, 494 (N.D. Ga. 1988).

[6] See *Lankford*, supra at 231-232; *AutoNation Financial Svcs. Corp. v. Arain*, 264 Ga. App. 755, 761 (3) (592 SE2d 96) (2003) (physical precedent only); *MS Dealer*, supra at 947-948.

court in Georgia has compelled a nonsignatory plaintiff to arbitrate claims arising out of a contract containing an arbitration clause that was executed by a co-plaintiff and a defendant.[7] As stated by that court, "a party cannot have it both ways; it cannot rely on the contract when it works to its advantage and then repute it when it works to its disadvantage."[8]

The record shows that Mary LaSonde's claims, which are the same as those alleged by Jack, relate directly to — or presume the existence of — the promissory note that incorporates the arbitration agreement. She and Jack contend, for example, that CitiFinancial's foreclosure proceedings breached the promissory note and security deed. They further claim that Jack's default under the promissory note, as well as the resulting foreclosure authorized by the note and security deed, are void. All of these allegations arise at least in part from the promissory note Jack signed.

Under these circumstances, we agree with the trial court that Jack and Mary's claims are so intertwined — and so dependent upon a contract containing an arbitration clause — that Mary is estopped from avoiding arbitration.[9] To find otherwise would permit Mary to sue for breach of the promissory note and potentially frustrate the foreclosure proceedings without subjecting herself to all of the note's provisions. Moreover, because Jack and Mary have alleged the exact claims against CitiFinancial, resolution of their claims in different forums " 'may result in varying decisions, discreditable to the administration of justice.' "[10] Accordingly, the trial court did not err in referring Mary's claims to arbitration.

2. In a related enumeration of error, the LaSondes assert that the trial court violated Mary's state and federal constitutional rights by compelling her to arbitration. Specifically, they argue that the trial court's action "reduce[d] the quality and magnitude of the [homestead exemption] rights granted [to Mary] through [OCGA §] 44-13-100 and den[ied] [Mary] her due process rights."

The LaSondes have provided no authority or cogent argument supporting this constitutional challenge, leaving us uncertain as to the legal basis for their claim. And perhaps more fundamentally, they

---

[7] See *A. L. Williams*, supra.

[8] Id.

[9] See id.; see also *MS Dealer*, supra ("When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.") (punctuation omitted).

[10] *Paine, Webber, Jackson & Curtis v. McNeal*, 143 Ga. App. 579, 582 (5) (239 SE2d 401) (1977); see also *AutoNation*, supra at 758 (finding that potential for conflicting decisions is one factor to consider in determining whether nonsignatory should be bound by arbitration agreement).

have not pointed to — and we have not found — any evidence that this constitutional issue was raised or ruled upon below. In Georgia, "[i]t is axiomatic that matters neither raised nor ruled on below, particularly constitutional questions, may not be considered on appeal."[11] Because the LaSondes failed to preserve this issue for appeal, we do not address it further.[12]

3. Finally, the LaSondes contend that the trial court erred in summarily dismissing their complaint without providing them with notice or an opportunity to be heard. "However, when all of the issues in the underlying suit are compelled to arbitration and there is nothing left for the trial court to resolve, as was the case here, it is not error for the trial court to dismiss the suit."[13] It follows that this enumeration of error presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 2005.

Jack LaSonde, *pro se.*
Mary B. LaSonde, *pro se.*
*Troutman Sanders, Alan W. Loeffler, Suzanne F. Sturdivant*, for appellee.

---

[11] *Lankford*, supra at 232 (4).

[12] See id. In a motion for reconsideration filed after the trial court compelled arbitration as to all claims, the LaSondes asserted that Mary's "homestead exemption is a State Constitutional right." They did not argue, however, that the court's order somehow violated this or any other constitutional right. And the trial court did not rule on the motion for reconsideration before the LaSondes filed their notice of appeal. Under these circumstances, the vague statement in the LaSondes' motion did not preserve their constitutional claim for appellate review. See id.

[13] *Moore & Moore Plumbing v. Tri-South Contractors*, 256 Ga. App. 58, 62 (2) (567 SE2d 697) (2002).