A07A0894. HARRISON v. EBERHARDT et al.
(651 SE2d 826)

PHIPPS, Judge.

Rose Harrison appeals the trial court's order confirming and entering final judgment on an arbitration award. She contends that her claim for fraudulent inducement arising from her residential real estate purchase was not subject to arbitration. For the reasons set forth below, we affirm.

In September 2004, Harrison signed a purchase and sale agreement to buy a house from Belle Dunn Eberhardt. Broad River Realty, Inc., through its agent Nellie McGee, was the listing broker for the purchase. Eberhardt agreed in a special stipulation to the agreement to install a new well and pump and to install a new septic tank with drain fields meeting county specifications. The sale closed in October 2004. Soon thereafter, Harrison began noticing problems with the well water. The septic system backed up twice over the next few months, and Harrison subsequently was advised that the well water was contaminated and that soil in areas of the property was not suitable for a septic system.

Harrison brought suit against Eberhardt, McGee, and Broad River Realty, alleging that she had been fraudulently induced to purchase the property based on an assurance of a workable well and septic tank system, and seeking rescission of the purchase and sale agreement, refund of the purchase price, and punitive damages. Eberhardt, McGee and Broad River Realty moved to compel arbitration of this claim under a binding arbitration provision in a home buyer's warranty. On the day of her closing, Harrison signed a

---

[21] *Roberts v. Chapman,* 228 Ga. App. 365, 367 (2) (492 SE2d 244) (1997).

document acknowledging and consenting to the terms of the warranty, expressly including the binding arbitration provision.

Harrison objected to the motion to compel arbitration, asserting that her fraudulent inducement claim was not arbitrable under the warranty. The trial court granted the motion to compel. At the arbitration proceeding, Harrison raised several new claims under the home buyer's warranty related to workmanship in the house. She did not, however, raise in the arbitration proceeding the claim that is the subject of this appeal. The arbitrator found Eberhardt responsible for repairing certain defects in the home, but determined that, under the warranty, Eberhardt was not responsible for problems with the contaminated well water or for mud, holes and "sink spots" in the yard caused by problems with the septic system.

Following the arbitration, Eberhardt, McGee and Broad River Realty moved the trial court to confirm the arbitration award and enter final judgment upon it. Harrison objected, stating that jury issues remained as to the lack of potable water at the property, her right to rescind the sale, and damages she suffered. After a hearing, the trial court determined that the express language of the arbitration provision in the warranty encompassed Harrison's claim and thus she should have raised the claim in the arbitration proceeding. The trial court confirmed the arbitration award and entered a final judgment.

In her sole enumerated claim of error, Harrison contends that the trial court should not have compelled arbitration or confirmed the arbitration award on her fraudulent inducement claim because the claim was not arbitrable under the home buyer's warranty. Rather, she asserts that she brought the claim under her purchase and sale agreement, which does not contain an arbitration clause.

1. As a preliminary matter, Eberhardt, McGee and Broad River Realty contend that Harrison did not properly present this claimed error to the trial court for a decision and thus did not preserve the issue for appeal. "No question is presented to this court unless the enumeration of errors and record clearly show that the question was presented to and passed on by the trial court."[1] The record shows that Harrison objected both to the motion to compel arbitration and to the motion to confirm the arbitration award. In each instance, she argued that her fraudulent inducement claim was not arbitrable under the warranty. And in each instance, the trial court conducted a hearing and issued a written order in which it rejected Harrison's arguments.

---

[1] *Loden v. State*, 199 Ga. App. 683, 689 (7) (406 SE2d 103) (1991) (citations and punctuation omitted).

The trial court thus had the opportunity to hear and thereafter did rule upon Harrison's enumerated error, and the issue is properly before us.

2. "[T]he construction of an arbitration agreement, like any other contract, presents a question of law, which is subject to de novo review."[2] We must determine whether the arbitration provision in the warranty is enforceable and whether it applies to Harrison's claims.

(a) Harrison argues that the arbitration provision in the warranty is not enforceable because the parties did not initial the provision. OCGA § 9-9-2 (c) (8) provides that written arbitration provisions may not be enforced in: "[a]ny sales agreement or loan agreement for the purchase or financing of residential real estate unless the clause agreeing to arbitrate is initialed by all signatories at the time of the execution of the agreement."[3] We have held, however, that OCGA § 9-9-2 (c) (8) does not apply to home buyer's warranties.[4] Moreover, the warranty here is governed by the Federal Arbitration Act ("FAA") pursuant to a choice of law clause. The warranty provides:

> The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the provisions of the Federal Arbitration Act (9 USC § 1, et seq.) . . . to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule. . . .

Harrison's argument that the FAA does not apply because her real estate transaction did not involve interstate commerce is without merit in light of this choice of law clause.[5] When an agreement expressly provides for the FAA to govern, the FAA preempts Georgia's requirement that the parties initial the provision.[6] The fact that the parties here did not initial the arbitration provision in the warranty does not render that provision unenforceable.

(b) Harrison argues that the warranty's arbitration provision does not apply to her claim because she did not bring the claim under

---

[2] *Cash In Advance of Florida v. Jolley*, 272 Ga. App. 282 (612 SE2d 101) (2005) (citations omitted).

[3] See also *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 367-368 (3) (460 SE2d 880) (1995).

[4] *Haynes v. Fincher*, 241 Ga. App. 179, 180 (1) (525 SE2d 405) (1999); see also *Laird v. Risbergs*, 266 Ga. App. 107, 109 (596 SE2d 412) (2004) (noting general proposition that failure to initial warranty's arbitration provision does not bar its enforcement because warranty is not sales or loan agreement).

[5] See *Carr v. Kupfer*, 250 Ga. 106, 107 (1) (296 SE2d 560) (1982) ("Absent a contrary public policy, this court will normally enforce a contractual choice of law clause.") (citations omitted).

[6] *Langfitt v. Jackson*, 284 Ga. App. 628, 635 (3) (644 SE2d 460) (2007).

the warranty but under the separate sales and purchase agreement for the property. But the terms of the arbitration provision expressly cover the fraudulent inducement claim:

> ARBITRATION. Any and all claims, disputes and controversies by or between You, the Builder, the Warranty Insurer and/or HBW [the warranty administrator], or any combination of the foregoing, arising from or related to the Limited Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, *including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, and breach of any alleged duty of good faith and fair dealing,* shall be submitted to arbitration. . . .[7]

The warranty also provides:

> Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, *the scope of arbitrable issues,* and any defense based upon waiver, estoppel, or laches, shall be decided by the arbitrator.[8]

The facts in *Wise v. Tidal Constr. Co.*[9] are indistinguishable. There, home buyers argued that their claims for breach of contract and negligence should not have been submitted to arbitration under a home buyer's warranty because they did not bring those claims under the warranty. The warranty's arbitration provision covered breach of contract and negligence claims and also required that questions of the provision's applicability be arbitrated. We held that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" and that the warranty's arbitration provision "was intended to be broad enough in scope to reach all disputes."[10] Harrison argues that our holding in *Wise* should not

---

[7] (Emphasis supplied.) Harrison did not raise below the issue of whether this language extends to all of the parties against whom she brought this action, and none of the defendants to this action has contested the application of the arbitration provision.

[8] (Emphasis supplied.)

[9] 261 Ga. App. 670 (583 SE2d 466) (2003).

[10] Id. at 672 (1) (citation and punctuation omitted).

govern because the agreement in that case fell under the FAA. But, as discussed in Division 2 (a), the FAA also governs Harrison's warranty.

Harrison also argues that we should follow *Laird v. Risbergs*,[11] in which we held that an arbitration provision in a home buyer's warranty did not apply to claims for fraud and defective workmanship where the buyers specifically elected not to pursue those claims under the warranty. But, unlike here, the buyers in *Laird* did not sign any document acknowledging and consenting to the arbitration provision in the warranty.[12]

Harrison signed a document acknowledging and consenting to the terms of the warranty, including the arbitration provision. Her claim for fraudulent inducement falls within the boundaries of the arbitration provision. We find no error in the trial court's decision to confirm and enter judgment upon the arbitration award.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 14, 2007.

*Kurt D. Ebersbach*, for appellant.
*William C. Bushnell*, for appellees.